UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DANNY LEE WEBER JR., <br><br> Plaintiff, <br><br> v. <br><br> IQ DATA INTERNATIONAL, INC., <br><br> Defendant. | Case No. 3:20-cv-00331 |

## COMPLAINT

**NOW COMES** Plaintiff, DANNY LEE WEBER JR., by and through his undersigned counsel, complaining of Defendant, IQ DATA INTERNATIONAL, INC., as follows:

## NATURE OF THE ACTION

1.  This is an action brought by a consumer seeking redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and for violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392.001 *et seq)*

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  DANNY LEE WEBER JR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this federal jurisdiction.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001 (1).

6. IQ DATA INTERNATIONAL, INC. ("Defendant") is a corporation organized and existing under the laws of Washington.

7. Defendant maintains its principal place of business at 21222 30th Dr. SE, Suite 120, Bothell, WA 98021.

8. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due to another.

## FACTUAL ALLEGATIONS

11. Plaintiff began receiving unwanted telephone calls from Defendant on or around September of 2020.

12. Upon answering the calls, Plaintiff was informed that Defendant was attempting to collect upon an alleged unpaid apartment rent.

13. Plaintiff cosigned with his daughter for an apartment complex in Arizona in 2019. ("subject debt").

14. Plaintiff informed Defendant's representative that the subject debt should not be owed.

15. Plaintiff went on to explain that there was an issue with the apartment complex not having a new apartment ready in time and an agreement was made to only be responsible for 11 months of the lease and not the full 12.

16. Defendant's representative stated that was not the case.

17. Defendant's representatives stated that if immediate payment was not made Defendant was going to go after Plaintiff and his daughter, ruining their credit and contact their employer until payment was made.

18. Plaintiff was understandably bothered by the threats of Defendant.

19. Plaintiff inquired as to why Defendant would call his employer if they knew the phone number they have currently was a good contact number for him.

20. Defendant's representative ignored Plaintiff's question and again informed him that Defendant will come after him and his daughter.

21. Plaintiff stated he did not owe the subject debt and to stop contacting him.

22. Unfortunately, Plaintiff continues to receive unwanted collection calls from phone numbers leading back to Defendant including but not limited to the numbers of (888)-248-2509 and (409)-200-2831.

23. To date, Plaintiff has not received anything in the United States mail regarding the alleged subject debt.

24. To date, Plaintiff has not been sued in state court regarding the alleged subject debt.

25. During this same phone call, Defendant again threatened Plaintiff with filing a lawsuit is the full debt is not paid by Monday.

26. Concerned with having had his rights violated, as a result of Defendant's numerous threats, Plaintiff was forced to obtain legal counsel to ensure the collection efforts ceased.

## CLAIMS FOR RELIEF

### COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *ET SEQ.*)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes (apartment complex debt).

29. Defendant's phone calls are each a "communication" as defined by 15 U.S.C. § 1692a(2) because they conveyed information regarding the subject debt to Plaintiff directly.

### a. Violations of 15. U.S.C. § 1692d

30. Pursuant to §1692d(5) of the FDCPA, a debt collector is prohibited from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number".

31. Defendant violated §1692d(5) by continuing to place collection calls to Plaintiff after they were informed he did not owe the alleged subject debt and no longer wished to be contacted.

### b. Violations of 15 U.S.C. § 1692e

32. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

33. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken.15 U.S.C. § 1692e(5).

34. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

35. Defendant's phone calls violated 15 U.S.C. §§ 1692e, e(5), and e(10) by falsely implying that Defendant would "go after Plaintiff and his daughter" insinuating that they would

4

file a lawsuit against Plaintiff for not paying the debt in full, when in fact Defendant never filed said lawsuit.

36. Additionally, Defendant promised Plaintiff that they would continue to contact his employer when there was no need to contact his employer.

### c. Violations of 15 U.S.C. §1692f

37. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

38. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means in its attempts to collect the subject debt.

39. Specifically, it was inherently unfair and unconscionable for Defendant to use language in its phone calls that is designed to create a false sense of urgency that a lawsuit would be filed against Plaintiff and his daughter if they did not make immediate payment where no urgency exists as Defendant had no intention of filing a lawsuit.

40. As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

### d. Violations of §1692g

41. Section 1692g of the FDCPA requires debt collectors to make certain disclosures regarding a consumer's right to dispute the validity of a debt and request verification of the same.

42. Defendant violated 15 U.S.C. §1692g by failing provide Plaintiff with any written communication.

43. Specifically, Defendant failed to notify Plaintiff of the disclosures required by the FDCPA by failing to provide a Dunning notice.

**WHEREFORE**, Plaintiff, DANNY LEE WEBER JR, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e, e(5), e(10), f, and g;

B.      an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692d(5), e, e(5), e(10), f, and g;

C.      an award of any actual damages sustained by Plaintiff;

D.      an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

E.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

## COUNT II:
## TEXAS DEBT COLLECTION ACT (TEX. FIN. CODE ANN. §392 et seq.)

44.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45.      Subsection 392.302(4) of the Texas Finance Code provides:[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by: (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

46.      Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

47.      Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

> (a) A person may sue for:
> (1) Injunctive relief to prevent or restrain a violation of this chapter; and
> (2) Actual damages sustained as a result of a violation of this chapter.
> (b) A person who successfully maintains an action under Subsection (a) is Entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

**Plaintiff demands a trial by jury.**

Dated: October 27, 2020                                  Respectfully Submitted,

**DANNY LEE WEBER JR**

/s/ *Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com